**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**GUS WILKINS, JR.**                                                                         **PETITIONER**

**vs.**                                               **CIVIL ACTION NO.: 1:11CV162-A-A**

**HUBERT DAVIS, et al.**                                                   **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Petitioner, presently in the custody of the South Mississippi Correctional Institution in Leakesville, Mississippi, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time barred. [*See* docket entry no. 7]. For the following reasons, the Court grants Respondents' motion and dismisses the petition with prejudice.

On September 6, 2007, Petitioner was convicted in the Circuit Court of Lowndes County, Mississippi, of sexual battery and sentenced to a term of imprisonment of 20 years with 5 years of post-release supervision. Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed the judgment of the trial court. *See Wilkins v. State*, 1 So.3d 850 (Miss. 2008), *reh'g. denied*, February 19, 2009 (Cause No. 2007-KA-016343-SCT). Petitioner did not seek a writ of *certiorari* to the United States Supreme Court. Petitioner filed for post-conviction relief by application signed on February 19, 2010, and the application was denied by the Mississippi Supreme Court on April 7, 2010. Thereafter, the federal habeas petition in this case was "filed" sometime between the date it was signed on July 14, 1011 and the date it was received in the Court on July 18, 2011. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (holding that a prisoner's federal habeas corpus petition is deemed filed on the date it is delivered to prison officials for mailing).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-

year statute of limitations period for filing for federal habeas relief that usually runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[,]" whichever is later. 28 U.S.C. § 2244(d)(1)(A). The limitations period against Petitioner began to run on May 20, 2009, which is 90 days after his motion for rehearing was denied by the Mississippi Supreme Court. A period of 275 days had elapsed by the time Petitioner filed his application for post-conviction relief on February 19, 2010, which left him 90 days to seek federal relief once his post-conviction application was denied. *See* § 2244(d)(2) (tolling the limitations period while a post-conviction application is pending). Since Petitioner's application for post-conviction relief was denied on April 7, 2010, his federal habeas action should have been filed by July 6, 2010, in order to be timely.[1]

Petitioner concedes that his federal habeas petition is not timely filed but argues that he is entitled to statutory tolling under § 2244(d)(1)(B) because he has not had proper access to legal assistance and legal research while incarcerated. Specifically, he maintains that he was denied access to adequate legal materials while at Winston-Choctaw County Regional Facility from December 2008 until June 2009, which is when he alleges that the Inmate Legal Assistance Program (I.L.A.P.) became available to him. He otherwise maintains that the strict requirements in filling out request forms, the delay caused by being dependent upon the postal service, and the restriction placed on the number of requests and cases that an inmate may receive per week prevented him from securing legal assistance.

In order to be entitled to statutory tolling under § 2244(d)(1)(B), Petitioner must show that "(1) he was prevented from filing a petition (2) by State action (3) in violation of the

---

[1] The Court notes that Petitioner filed a successive petition for State post-conviction relief in February 2011, after the expiration of the federal limitations deadline.

Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The documents filed in this case make it clear that Petitioner had access to legal materials and assistance well in advance of the federal limitations deadline. A review of Petitioner's "Offender Log" shows that Petitioner used the services of I.L.A.P. from October 2007 through the expiration of the federal limitation period, and that he received a post-conviction packet in 2008 that made the relevant federal limitations period known to him. (*See* R. Mot. Ex. L).[2] Moreover, the affidavits of Gia McLeod, Director of I.L.A.P. with the Mississippi Department of Corrections, describe various legal materials and services that have been available to inmates since the inception of the program in 1997. (*See* R. Mot. Ex. J,K). In light of Petitioner's concessions and his documented use of I.L.A.P., the Court concludes that Petitioner's complaints about the adequacy of the legal assistance provided to him, or of the restrictions placed upon his ability to request and receive cases, do not demonstrate that statutory tolling is justified in this case. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (holding that petitioner seeking statutory tolling based on adequacy of legal assistance must demonstrate absence of materials "actually *prevented* him from timely filing his petition") (emphasis in original).

The Court also notes that the statute of limitations may be equitably tolled in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (quotation omitted). Claims regarding the adequacy of a correctional facility's law library do not typically justify equitable tolling, and the Court determines equitable tolling is not warranted in this

---

[2] This packet provides information about State court remedies and includes "a brief overview of federal habeas, *including a discussion of the one-year statute of limitations period of the AEDPA*." *Neal v. Bradley*, 2006 WL 2796404 at *4 (N.D. Miss. September 25, 2006) (emphasis in original).

instance. *See, e.g., Caldwell v. Dretke*, 182 F. App'x 346, 347 (5th Cir. 2006) (finding no abuse of discretion in denial of equitable tolling to petitioner who alleged a limitation on his law library access); *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2000) (holding that an "inadequate law library" does not justify equitable tolling).

## Conclusion

The Court concludes that the petition in this case was not timely filed, and Petitioner is not entitled to equitable or statutory tolling of the statute of limitations. Therefore, Respondents' "Motion to Dismiss Pursuant to § 2244(d)" is **GRANTED**, and this case is **DISMISSED** with prejudice.

**SO ORDERED** this the 26th day of March, 2012.

                                               /s/ Sharion Aycock
                                               **U.S. DISTRICT JUDGE**